UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Lee Andrew Paul,

        Defendant.

Criminal No. 15-48 (ADM/SER)

**REPORT AND RECOMMENDATION**

---

    Melinda A. Williams and Laura M. Provinzino, Esqs., United States Attorney's Office, Minneapolis, Minnesota, for Plaintiff.

    Michael J. Colich, Esq., Colich & Associates, Minneapolis, Minnesota, for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case comes before the undersigned on Defendant Lee Andrew Paul's ("Paul") Motion to Suppress Statements [Doc. No. 37] and Motion to Suppress Evidence (Search Warrants) ("Motion to Suppress Evidence") [Doc. No. 40].[1] This matter was referred for the resolution of the issues raised in Paul's Motions to Suppress pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends that the Motions to Suppress be denied.

**I.    BACKGROUND**

    On March 18, 2015, Paul was indicted with two counts of sex trafficking of a minor; one count of sex trafficking by use of force, fraud, and coercion; and one count of distribution of child pornography. (Superseding Indictment) [Doc. No. 21]. During the pretrial motions hearing, no testimony was given and the Court received six exhibits into evidence. (Ex. & Witness List)

---

[1]    The Court refers to the Motion to Suppress Statements and the Motion to Suppress Evidence collectively as the "Motions to Suppress."

[Doc. No. 50]; *see also* (Minute Entry Dated Oct. 13, 2015) [Doc. No. 51]. The parties requested supplemental briefing, and the Court issued an order on Paul's nondispositive motions. (Minute Entry Dated Oct. 13, 2015); *see also* (Order Dated Oct. 14, 2015) [Doc. No. 52]. The Court sua sponte extended the trial date to January 11, 2016, to accommodate the supplemental briefing schedule. (Minute Entry Dated Oct. 13, 2015). The parties later requested an expedited briefing schedule in order to preserve their original trial date of December 7, 2015, which the Court adopted. *See* (Gov't's Letter to Mag. J. Dated Oct. 19, 2015) [Doc. No. 55]; (Text Only Entry Dated Oct. 22, 2015) [Doc. No. 59]. As a result, the Motions to Suppress came under advisement on October 21, 2015. (Text Only Entry Dated Oct. 22, 2015).

## II.  MOTION TO SUPPRESS EVIDENCE

Paul seeks to suppress evidence obtained pursuant to five search warrants. Paul argues that evidence obtained from forensic examinations of his cell phone should be suppressed because the search warrant authorizing those examinations is invalid. (Mem. of Law in Supp. of Mot. to Suppress Evidence, "Mem. in Supp.") [Doc. No. 53 at 1]. Paul argues that the remaining search warrants lack probable cause. *See* (Paul's Letter to Mag. J. Dated Oct. 19, 2015) [Doc. No. 54].

### A.  Legal Standard

In determining whether probable cause exists to issue a search warrant, a court considers the information that was before the issuing judicial officer and affords "great deference to the issuing judge's determination." *United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009). When evaluating the probable cause determination of the issuing court, "the duty of the reviewing court is simply to ensure that the issuing court had a substantial basis for concluding that probable cause existed." *United States v. Mims*, 567 F. Supp. 2d 1059, 1067 (D. Minn. 2008) (Rosenbaum,

C.J., adopting report and recommendation of Mayeron, Mag. J.). Where no evidence outside of the affidavit was submitted to the issuing judge, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (internal quotation marks omitted). Probable cause exists when the likelihood of finding evidence of a crime in a certain place is fairly probable. *United States v. Chrobak*, 289 F.3d 1043, 1046 (8th Cir. 2002). The sufficiency of a search warrant affidavit is examined "using a common sense and not a hypertechnical approach." *United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007) (internal quotation marks omitted).

### B. Exhibit 3—Paul's Cell Phone

#### 1. Date of Search Warrant

Law enforcement searched Paul's cell phone, among other items, pursuant to a search warrant. *See* (Ex. 3). The Government provided the Court with the application for search warrant, supporting affidavit, search warrant, return, and receipt, collectively, as Exhibit 3. *See* (Ex. & Witness List). The search warrant provides, *inter alia*, the authority "to conduct a forensic examination of a Samsung Galaxy SIII," Paul's cell phone.[2] (Ex. 3 at 00317); *see* (Resp. of the United States to Def.'s Mot. to Suppress Evidence Obtained as a Result of Search & Seizure, "Mem. in Opp'n") [Doc. No. 58 at 1] (referring to the Samsung Galaxy SIII as Paul's cell phone). The Honorable Alan Pendleton, a district court judge in Anoka County, signed the application and supporting affidavit using the date May 29, 2013. (Ex. 3 at 000316); *see* (Mem. in Opp'n at 4). Judge Pendleton signed the search warrant, however, with the date of May 28,

---

[2] Because Paul does not challenge any evidence obtained as a result of the search of the other premises, vehicles, property, and things identified in the search warrant in Exhibit 3, the Court does not address them. *See* (Ex. 3 at 000317).

2013. (Ex. 3 at 000318). Paul argues that because the Government did not provide any testimony that the date was a clerical error, the search warrant is invalid, and the evidence from Paul's cell phone should be suppressed. (Mem. in Supp. at 2–3).[3]

The Government elected not to present any testimony at the hearing, and Paul argues testimony must establish "that clerical error was actually the cause of the date discrepancy." (Mem. in Supp. at 2) (citing *United States v. White*, 356 F.3d 865, 869 (8th Cir. 2004)); *see* (Ex. & Witness List). In *White*, the typewritten date, February 13, 2002, appeared on the warrant instead of "February 26, 2002, the actual date of the warrant application." 356 F.3d at 867. The affiant testified that the February 13, 2002 date appeared as the result of a clerical error because he "used a pre-typed search warrant application form in applying for the warrant." *Id.* The Court concluded that "the inconsistency between the date on the warrant-application form and the date on the search warrant does not eliminate probable cause." *Id.* at 869. Although the Eighth Circuit relied on the officer's testimony to determine that the error was clerical, it did not state that testimony is required. *See id.* In a subsequent case, the Eight Circuit likewise concluded that a magistrate judge writing the incorrect date amounted to a "technicality issue" and this error did not invalidate the search warrant. *United States v. Smith*, 720 F.3d 1017, 1020 (8th Cir. 2013) (per curiam). In this later case, the Eighth Circuit did not refer to any testimony regarding the clerical error. *See id.* at 1018, 1020.

Here, using the common-sense approach the Eighth Circuit requires, the Court concludes that the date of May 28, 2013, on the search warrant is a clerical error. *See Grant*, 490 F.3d at

---

[3] Paul does not specifically challenge probable cause with respect to the search warrant in Exhibit 3. Nonetheless, the Court has reviewed the application, affidavit, and search warrant, and finds the search warrant was issued with sufficient probable cause. *See Chrobak*, 289 F.3d at 1046. Thus, the Court need not summarize the facts provided in the affidavit, and proceeds to the clerical error analysis.

632. The other documents submitted with Exhibit 3—the application and affidavit, the return, and the receipt—are all dated May 29, 2013. Thus, it seems logical that all documents were signed on May 29, 2013, not that the search warrant was signed the day before. Even if the date on the search warrant rendered it invalid, the *Leon* good-faith exception applies. *See United States v. Leon*, 468 U.S. 897, 920–21 (1984).

### 2. Good Faith

"[D]isputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *United States v. Hager,* 710 F.3d 830, 837 (8th Cir. 2013) (internal quotation marks omitted). Good-faith reliance is limited, however, and is considered unreasonable in four situations:

(1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge;

(2) when the issuing judge wholly abandoned his judicial role in issuing the warrant;

(3) when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and

(4) when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid.

*United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008) (emphasis omitted).

Paul argues the good-faith exception does not apply because the warrant is facially invalid. (Mem. in Supp. at 3). The Court disagrees. The affidavit in support of the search warrant application describes the events leading up to the search warrant application. *See* (Ex. 3 at 00315–15). It states that Paul's cell phone and another cell phone described in the search warrant

were given to the affiant on May 28, 2013, and that the vehicle discussed in the search warrant would be at the Anoka County Sherriff's Office on May 29, 2013. (*Id.* at 00315). Nothing in the search warrant and application, therefore, would advise law enforcement officers that the search warrant was facially invalid. The fact that the signed search warrant date is one day before the application would not give a law enforcement officer cause to doubt the validity of the search warrant given the temporal proximity between May 28, 2013, and May 29, 2013.

Further, the purpose of the exclusionary rule would not be served by exclusion in this case. *See Davis v. United States*, 131 S. Ct. 2419, 2426 (2011) ("The [exclusionary] rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations."). "[T]he exclusionary rule does not apply when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." *Id.* at 2428 (quoting *Leon*, 468 U.S. at 922). "The error in such a case rests with the issuing magistrate, not the police officer, and punishing the errors of judges is not the office of the exclusionary rule." *Id.* (citing *Leon*, 468 U.S. at 916) (internal quotation marks and alteration omitted). Here, the mistake was Judge Pendleton's, and excluding the evidence would not deter any future Fourth Amendment violations.

Therefore, the Court recommends that Paul's Motion to Suppress Evidence be denied to the extent Paul seeks to exclude evidence obtained from his cell phone pursuant to the search warrant provided in Exhibit 3.

### C.     Exhibits 1, 2, 4, and 5

With respect to the search warrants identified in Exhibits 1, 2, 4, and 5, Paul seeks a "four corner[s] review" and argues that they "were issued without a sufficient showing of probable cause in the supporting affidavits and failed to disclose information pertinent to a finding [of]

probable cause, and were therefore issued in error."[4] (Paul's Letter to Mag. J. Dated Oct. 19, 2015). The Court advised Paul at the hearing, and in the Minute Entry, that "[t]he Court will only address those issues identified and supported by the parties in their supplemental briefing." (Minute Entry Dated Oct. 13, 2015). Paul provides no additional argument specifying the nature of his probable cause challenge with respect to Exhibits 1, 2, 4, or 5. *See* (Paul's Letter to Mag. J. Dated Oct. 19, 2015); (Mem. in Supp.).

The Court has reviewed the search warrants entered as Exhibits 1, 2, 4, and 5, and finds the search warrants are supported by sufficient probable cause. Therefore, the Motion to Suppress Evidence is denied to the extent Paul seeks to suppress the search warrants identified as Exhibits 1, 2, 4, and 5.

### III. MOTION TO SUPPRESS STATEMENTS

Paul filed his Motion to Suppress on four grounds: (1) that his statements, admissions, or answers "were made without the assistance or benefit of counsel in violation of [Paul]'s Fifth Amendment and Sixth Amendment rights under the Constitution of the United States"; (2) that his statements, admissions, or answers "were not given freely and voluntarily, thereby violating [Paul]'s rights under the Fourth Amendment and Fifth Amendment to the Constitution of the United States"; (3) Paul's arrest "was unlawful and without probable cause and not in a public place and no exigent circumstances support the arrest without a warrant"; and (4) "[f]or any other reasons as may appear upon an oral hearing of this motion." (Mot. to Suppress Statements).

As stated above, the Court advised Paul at the hearing, and in the Minute Entry, that "[t]he Court will only address those issues identified and supported by the parties in their

---

[4] In his letter, Paul includes Exhibit 6 as an exhibit for which he seeks a "four corner[s] review." (Paul's Letter to Mag. J. Dated Oct. 19, 2015). Exhibit 6, however, is a recording of Paul's statement to law enforcement officers. (Ex. & Witness List). Thus, the Court does not address Exhibit 6 in the context of Paul's Motion to Suppress Evidence.

supplemental briefing." (Minute Entry Dated Oct. 13, 2015). Paul's Memorandum in Support provides no argument regarding the Motion to Suppress Statements. Thus, the Court has no facts or law upon which to review Paul's various arguments. Therefore, the Court denies the Motion to Suppress Statements without prejudice.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Lee Andrew Paul's ("Paul") Motion to Suppress Statements [Doc. No. 37] be **DENIED without prejudice**; and

2. Paul's Motion to Suppress Evidence (Search Warrants) [Doc. No. 40] be **DENIED**.

Dated: November 4, 2015

                                               *s/Steven E. Rau*
                                               STEVEN E. RAU
                                               United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

The parties in this case, however, have agreed to expedited briefing in order to preserve the trial date of December 7, 2015. (Gov't's Letter to Mag. J. Dated Oct. 19, 2015) [Doc. No. 55]. Therefore, **written objections are due November 12, 2015, and any responses to the written objections are due November 19, 2015.**

**Under Advisement Date:** This Report and Recommendation will be considered under advisement on November 12, 2015. If timely objections are filed, this Report and

Recommendation will be considered under advisement from the earlier of: (1) November 19, 2015; or (2) from the date a timely response is filed.