**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

                Plaintiff,

v.

Lee Andrew Paul,

                Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 15-48 ADM/SER
Civil No. 19-2613 ADM

_____

Joseph S. Teirab, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Lee Andrew Paul, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Lee Andrew Paul's ("Paul") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 203] (the "§ 2255 Motion").[1] Paul has also filed a letter [Docket No. 220] requesting a sentence reduction. For the reasons set forth below, Paul's § 2255 Motion and request for a reduced sentence are denied.[2]

## II. BACKGROUND

On December 11, 2015, a jury returned a verdict finding Paul guilty of three counts of commercial sex trafficking in violation of 18 U.S.C. § 1591(a). Jury Verdict [Docket No. 98].

---

[1] All docket citations are to the Criminal Docket.

[2] Paul's Motion Requesting Permission to File an Oversize Brief [Docket No. 202] is granted. In light of Paul's seventy-four page brief, the Government's Motion for Leave to File the Government's 2255 Response Late [Docket No. 208] was granted. Concomitantly, Paul's Motion to Disallow and Object to the Government's Motion for Extension [Docket No. 211] is denied.

Paul's convictions arose from the sex trafficking of two girls, ages 12 and 16, and a 19 year old woman. In Counts I and II, the jury found Paul trafficked the minor girls. Id. In all three Counts, the jury found Paul used force, fraud or coercion in furtherance of his crimes. Id. Paul was sentenced to a prison term of 396 months on each of Counts I, II, and III, to be served concurrently. Sentencing J. [Docket No. 147] at 2; Sentencing Tr. [Docket No. 169] at 46.

Paul appealed his conviction, arguing: 1) the evidence was insufficient to support each count of conviction; 2) each count in the superseding indictment contained multiple crimes and was therefore duplicitous; and 3) the district court's jury instructions defining "coercion" and "fraud" rendered § 1591(a) void for vagueness as applied. United States v. Paul, 885 F.3d 1099 (8th Cir. 2018). On March 22, 2018, the Eighth Circuit affirmed Paul's conviction. Id. at 1101. The Supreme Court denied Paul's writ of certiorari on October 1, 2018. See Paul v. United States, 139 S. Ct. 290 (2018).

Paul then filed this § 2255 Motion. He asserts ineffective assistance of counsel claims against his trial counsel, Michael Colich, and his appellate counsel, Virginia Villa. Paul also argues that the Government failed to establish the requisite knowledge for a conviction under 18 U.S.C. § 1591. In addition to the § 2255 Motion, Paul requests that his sentence be reduced because he has rehabilitated himself while in prison and desires to assist his family during the COVID-19 pandemic.

### III. DISCUSSION

**A. Legal Standard**

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255. See

United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Section 2255 generally may not "be used to relitigate matters decided on direct appeal." Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) (citing Davis v. United States, 417 U.S. 333, 346–47 (1974)); see also United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

**B. Ineffective Assistance of Counsel**

"To establish ineffective assistance of counsel within the context of section 2255 . . . a movant faces a heavy burden." Apfel, 97 F.3d at 1076. A defendant must show that "(1) his attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance." Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668 (1984)). The defendant must overcome the "strong presumption" that his counsel provided reasonable assistance. Id. Overcoming that presumption requires a showing that, "in light of all the circumstances, the lawyer's performance was outside the range of professionally competent assistance." Cox v. Norris, 133 F.3d 565, 573 (8th Cir. 1997). If the defendant can show his counsel's performance was inadequate, he then must show that, but for the deficient performance, the outcome of his case would have been different. Id.

Paul argues that his trial and appellate counsel provided ineffective assistance of counsel by: (1) failing to challenge the Third Superseding Indictment [Docket No. 89]; (2) failing to assert prosecutorial misconduct; (3) failing to file a pretrial severance motion; (4) failing to object to the Jury Instructions and Verdict Form; (5) failing to challenge § 1591(a) as unconstitutionally vague; and (6) advising Paul to stipulate to the interstate commerce element of Counts I–III.

**1. Challenging the Third Superseding Indictment**

Count I of the Third Superseding Indictment charged Paul with using "force, fraud, and coercion" to traffic Z.S., "who had not yet attained the age of 14 years . . . all in violation of Title 18, United States Code, Sections 1591(a), 1591(b)(1), 1591(c), 1594(a), 1594(c), and 2." Count II charged Paul with using "force, fraud, and coercion" to traffic K.J., "who had not yet attained the age of 18 years . . . all in violation of Title 18, United States Code, Sections 1591(a), 1591(b)(1), 1591(c), 1594(a), 1594(c), and 2." Count III charged Paul with using "force, fraud, and coercion" to traffic A.S., all in violation of Title 18, United States Code, Sections 1591(a), 1591(b)(1), 1591(c), 1594(a), 1594(c), and 2."

Paul argues his "trial Counsel failed to conduct a proper inquisition into who were the participants of the alleged 'conspiracy' [under 18 U.S.C. § 1594(c)] and 'venture' [under 18 U.S.C. § 1591(a)(2)] in Counts 1 and 2, by not disputing it's [sic] lack of correlation to Paul's case." Mem. Supp. [Docket No. 204] at 9; Reply [Docket No. 219] at 2. Paul contends he was the only person indicted and charged with conspiracy to commit trafficking, and "A.S. was not mentioned in the charging instrument as being a co-conspirator." Mem. Supp. at 7, 9. Paul argues that "in permitting the government to try the case on Conspiracy to commit Sex

Trafficking of a Minor, the District Court allowed the introduction of an enormous amount of evidence of the Substantive offense [of] 1591(a)(2)." Mem. Supp. at 7. This argument fails to recognize that because Paul was charged with the substantive offense of § 1591(a), evidence relevant to the substantive offense would have been admitted regardless of whether Paul had also been charged with conspiracy to commit sex trafficking under § 1594(c). Paul has not demonstrated how counsel's failure to challenge the Third Superseding Indictment as defective based on the conspiracy charge was deficient, much less prejudicial, under the Strickland standard.

Paul also contends his trial counsel was ineffective for failing to raise duplicity and multiplicity challenges to the Third Superseding Indictment. Paul's duplicity arguments are based on his contention that § 1591(a) includes two separate crimes—sex trafficking minors and sex trafficking through force, fraud or coercion—and there was no unanimous finding by the jury as to either crime. This argument was considered and rejected by the Eighth Circuit on direct appeal. Paul, 885 F.3d at 1104–05. The Eighth Circuit held that "the district court eliminated this risk of non-unanimity by instructing the jury, and reflecting on the verdict form for Count I (Z.S.) and for Count II (K.J.), that it must make separate findings whether Paul committed (i) 'the crime of sex trafficking of a minor,' and (ii) 'the crime of sex trafficking by use of force, fraud, or coercion.' In convicting Paul of Counts I and II, the jury unanimously found Paul guilty of both offenses against both victims. Thus, there was no duplicity." Paul, 885 F.3d at 1105.

Paul's multiplicity argument is that he should not have been charged for three counts of trafficking, because the three individuals he trafficked "were alleged to be transported at the

5

same time on the same trip." Reply at 10. This argument fails because each of the individual victims warrant a separate count of sex trafficking.

Paul also argues that the Third Superseding Indictment was constructively amended, and that trial and appellate counsel were ineffective for failing to challenge the constructive amendment. "In cases in which courts have found a constructive amendment of an indictment by virtue of the trial court's instructions to the jury, the instructions in effect allowed the jury to convict the defendant of an offense different from or in addition to the offenses alleged in the indictment." United States v. Begnaud, 783 F.2d 144, 147 (8th Cir. 1986). Paul contends the Jury Instructions and Verdict Form constructively amended the Third Superseding Indictment by stating that Paul was charged in Counts I and II with using force, fraud, and coercion. Mem. Supp. at 15–16; Reply at 4–5. This argument is meritless because the Jury Instructions and Verdict Form were correct. Counts I and II expressly charged Paul with sex trafficking Z.S. and K.J. "knowing that force, fraud or coercion would be used." The Jury Instructions and Verdict Form did not allow the jury to convict Paul of a different or additional offense beyond the offenses alleged in the Third Superseding Indictment.

Paul similarly argues that the Government "misled the Court that Paul was charged with Force, Fraud, and Coercion in Counts I and II," and that as a result the Government was improperly permitted to introduce evidence of Paul's sexual assaults on victims Z.S. and K.J. Reply at 5. Paul argues that his counsel was ineffective for failing to object to the admission of this evidence. Again, Counts I and II explicitly charge Paul with sex trafficking Z.S. and K.J. through the use of force, fraud, and coercion. The evidence of Paul's assaults on Z.S. and K.J. was properly admitted as direct evidence of the crimes charged.

**2. No Prosecutorial Misconduct**

Paul claims that his trial and appellate counsel rendered ineffective assistance by failing to assert prosecutorial misconduct. Paul contends the prosecutor misled the grand jury into returning the First Superseding Indictment [Docket No. 21], which added a sex trafficking charge for trafficking A.S. (Count III). Paul argues the initial Indictment [Docket No. 15], which charged Paul with engaging in and conspiring to sex traffick Z.S. and K.J., was based on a criminal complaint and affidavit that included A.S.'s name. Paul contends the prosecutor subsequently redacted A.S.'s name from the complaint and affidavit, and used the redacted materials to obtain the First Superseding Indictment that added A.S. as a victim. Paul argues his counsel should have objected to the Government alleging A.S. was both a co-conspirator and a victim.

"As a general rule, prosecutorial misconduct does not warrant federal habeas relief unless the misconduct infected the trial with enough unfairness to render petitioner's conviction a denial of due process." Louisell v. Dir. of Iowa Dep't of Corr., 178 F.3d 1019, 1023 (8th Cir. 1999) (internal quotations and alterations omitted). Paul does not explain how redacting a sex trafficking victim's name in grand jury materials is improper. Nor has Paul alleged that the grand jury was somehow unaware of or confused as to the true identity of A.S.

Paul also argues the Third Superseding Indictment constituted prosecutorial misconduct because it charged Paul with sex trafficking by use of force fraud and coercion. Paul contends he "was prejudiced because the government repeatedly stated [during trial] that the defendant used force, fraud and coercion to cause all three of his victims to engage in commercial sex actions." Mem. Supp. at 30. This argument lacks any basis.

Paul has not shown any prosecutorial misconduct, much less misconduct that caused enough unfairness to render Paul's convictions a denial of due process. Paul's counsel was not deficient for failing to assert prosecutorial misconduct.

### 3. Pretrial Motion for Severance

Paul also claims his trial attorney was ineffective for not filing a pretrial motion to sever Counts I and II (sex trafficking minors Z.S. and K.J. using force, fraud, and coercion) from Count III (sex trafficking A.J. using force, fraud, and coercion). Paul argues that the evidence in Count III had a "spill over" effect that prejudiced the jury's judgment on Counts I and II.

Federal Rule of Criminal Procedure 8(a) states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The offenses in Counts I and II were "of the same or similar character" and were "based on the same act or transaction" as Count III, because Paul sex trafficked all three victims at the same time and in each other's presence. All three Counts were also parts of a "common scheme or plan" by Paul to victimize young, vulnerable women. Trial counsel's decision not to seek to sever Count III was neither deficient nor prejudicial as the severance motion would have been without merit.

### 4. Jury Instructions and Verdict Form

Paul also argues his trial counsel was ineffective for failing to object to the Jury Instructions and Verdict Form. "Jury instructions are acceptable if, taken as a whole, they adequately apprise the jury of the essential elements of the offenses charged and the burden of proof required of the government." United States v. Brown, 478 F.3d 926, 928 (8th Cir. 2007).

Paul argues the Court's Jury Instructions for Counts I and II were erroneous because they stated the wrong mens rea requirement for proving Paul's knowledge of Z.S. and K.J.'s ages. The Court disagrees. The Jury Instructions for Counts I and II track nearly verbatim the offense of sex trafficking a minor under § 1591, including the requisite mens rea. Compare 18 U.S.C.A. § 1591(a)(1), (c) with Jury Instructions 10, 11, 14. Taken as a whole, the Jury Instructions addressing Counts 1 and 2 "adequately apprise the jury of the essential elements of the offenses charged and the burden of proof required of the government." Brown, 478 F.3d at 928. Counsel's lack of objection to the Jury Instructions was not ineffective assistance under the Strickland standard.

Paul also argues that counsel was ineffective for not requesting a specific unanimity instruction or special verdict form. This argument fails because the Eighth Circuit has held in this case that "the district court eliminated th[e] risk of non-unanimity by instructing the jury, and reflecting on the verdict form for Count I (Z.S.) And for Count II (K.J.), that it must make separate findings whether Paul committed (i) 'the crime of sex trafficking of a minor,' and (ii) 'the crime of sex trafficking by the use of force, fraud, or coercion.'" Paul, 885 F.3d at 1105.

**5. Constitutionality of § 1591(a)**

Paul argues his counsel was ineffective for failing to challenge the constitutionality of § 1591(a) as unconstitutionally vague. Paul claims § 1591 is vague because it lacks clarity as to whether the statute includes a single offense or multiple offenses. The challenged statute provides:

> (a) Whoever knowingly—

> (1) in or affecting interstate or foreign commerce ... recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a) (2012).[3]

"A statute is void for vagueness if it: (1) fails to provide a person of ordinary intelligence fair notice of what is prohibited, or (2) it is so standardless that it authorizes or encourages seriously discriminatory enforcement." Paul, 885 F.3d at 1105. Paul does not explain how a person of ordinary intelligence would lack notice of what is prohibited by § 1591, or how the statute encourages discriminatory enforcement. Moreover, the Eighth Circuit concluded in Paul's appeal that although there may be some ambiguity as to whether § 1591 includes two separate crimes—the crime of sex trafficking of a minor and the crime of sex trafficking by use of force, fraud, or coercion—the concern is not relevant here because "the jury unanimously found Paul guilty of both offenses against both [Z.S. and K.J.]." Paul, 885 F.3d at 1105.

---

[3] Congress amended § 1591 in 2015. See Pub. L. No. 114-22, §§ 108(a), 118(b), 129 Stat. 227, 238–39, 247. The quoted statutory excerpts are from the earlier version of the statute that Paul was convicted of violating.

Counsel's failure to challenge § 1591 as void for vagueness on this ground[4] was not deficient or prejudicial.

### 6. Stipulation to Interstate Commerce Element

Paul argues his trial attorney rendered ineffective assistance by advising him to stipulate to the interstate commerce element of Counts I–III.  At trial, the parties stipulated that various websites, hotels, and cell phone carriers were entities "affecting interstate commerce."  Trial Tr. Vol. III [Docket No. 166] at 652–654.  The Government introduced substantial evidence of Paul's use of these entities in the commission of his crimes.  Paul argues "no reasonable counsel would have advised his client to lift the Government's burden of proof and stipulate to an essential element of the offense."  Mem. Supp. at 52.

A trial counsel's decision to stipulate to facts is a tactical decision.  Edgemon v. Lockhart, 768 F.2d 252, 255 (8th Cir. 1985).  Matters of trial tactics do not constitute ineffective assistance of counsel unless the chosen tactic is "wholly without reason."  Williams-Bey v. Trickey, 894 F.2d 314, 316 (8th Cir. 1990).  Based on the evidence presented by the Government that Paul used hotels, cell phone carriers, and websites in committing his crimes, Paul's trial counsel was not deficient in advising Paul to stipulate to the interstate commerce element of the sex trafficking offenses charged in Counts I–III.  If contested, the element would be readily susceptible to easy proof by the prosecution.

---

[4] Appellate counsel did challenge § 1591 as void for vagueness on the ground that this Court's Jury Instructions defining the terms "fraud" and "coercion" were unconstitutionally vague as applied to Paul.  The Eighth Circuit rejected this argument.  Paul, 885 F.3d at 1105.

## C. Rehaif

Paul argues his convictions on all counts must be vacated under Rehaif v. United States, 139 S. Ct. 2191 (2019). He contends that under Rehaif, the Government was required to prove that Paul knew his conduct was unlawful.

Rehaif involved a charge for unlawful possession of a firearm. The holding in Rehaif requires the Government prove that a person whose prohibited status bars them from possessing a firearm know of both this status and his possession of a firearm to "knowingly violate" the ban in 18 U.S.C. § 922(g). Id. at 2196–97, 2200. The rationale behind the holding is that "the possession of a gun can be entirely innocent," and "[i]t is therefore the defendant's status [as a felon or alien], and not his conduct alone, that makes the difference. Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful. His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach." Id. at 2197.

Paul argues that under Rehaif, the Government was required to prove that Paul knew he had violated the material elements of § 1591(a). He contends the Jury Instructions wrongly stated that "the government is not required to prove that the defendant knew his acts or omissions were unlawful." Jury Instructions No. 14.

This argument lacks merit. Unlike the statute at issue in Rehaif, the sex trafficking statute does not criminalize otherwise innocent conduct. Paul's behavior in sex trafficking two minors and a 19-year old woman using force, fraud and coercion was not "an innocent mistake to which criminal sanctions normally do not attach." Rehaif, 139 S. Ct. at 2197. The jury was properly instructed that the Government need not prove that Paul knew his acts or omissions

were unlawful.  Additionally, the Jury Instructions correctly declined to apply a mens rea requirement to the interstate commerce element of § 1591.  See United States v. Collier, 932 F.3d 1067, 1075 (8th Cir. 2019) (holding that "knowingly" does not apply to the "interstate or foreign commerce" element of 18 U.S.C. § 1591(a)(1)).

**D.  Request for Reduced Sentence**

Paul has filed a letter requesting that the Court reduce his sentence.  He states that he has completed several educational courses offered by the Bureau of Prisons and has rehabilitated himself while in custody.  Paul also states that the mother of his children is a health care worker, and that he desires to assist his family while they are enduring the COVID 19 pandemic.

The Court is hopeful that the many educational and vocational opportunities Paul has afforded himself while in custody will improve his remaining time in custody and allow him to find steady employment and lead a productive life upon his release.  The Court also recognizes that the current pandemic presents added difficulty and stress to prisoners and their families.  However, Paul has not identified an exception to the general rule that "[t]he court may not modify a term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  The request for a reduced sentence is denied.

### IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The

Court finds it unlikely that another court would decide the issues raised in this § 2255 Motion differently, or that any of the issues raised in Paul's Motion would be debatable among reasonable jurists.  Therefore, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Lee Andrew Paul's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 203] is **DENIED**; and

2. Paul's request for a reduced sentence [Docket No. 220] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  April 24, 2020