UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Lee Andrew Paul,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 15-48 ADM/SER

___

Lee Andrew Paul, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Lee Andrew Paul's ("Paul") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 228] ("Motion"). The Motion is supplemented by letters from Paul docketed on May 11 and May 15, 2020 [Docket Nos. 229, 230]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On December 11, 2015, a jury returned a verdict finding Paul guilty of three counts of commercial sex trafficking in violation of 18 U.S.C. § 1591(a). Jury Verdict [Docket No. 98]. Paul's convictions arose from the sex trafficking of two girls, ages 12 and 16, and a 19 year old woman. In all three counts, the jury found Paul used force, fraud or coercion in furtherance of his crimes. Id. Paul was sentenced to a prison term of 396 months on each of the three counts, to be served concurrently. Sentencing J. [Docket No. 147] at 2; Sentencing Tr. [Docket No. 169] at 46.

Paul is currently incarcerated at the federal correctional complex in Terre Haute, Indiana ("FCC–Terre Haute"). Mot. at 6. He states that he has been designated for a transfer to the federal prison in Yazoo City, Mississippi ("USP–Yazoo City"). Id. Paul's projected release date is November 28, 2042. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed May 19, 2020).

On April 11, 2020, Paul requested a compassionate release from the warden at Terre Haute. Mot. at 2. In the request, Paul asserted that he faces a heightened risk of death due to the COVID-19 virus because he is 40 years old, has "severe" hypertension,[1] is obese, and has a family history of cardiac arrest. Id. at 2; Ex. 1 [Docket No. 228, Attach. 2]. The warden denied the request on April 14, 2020. Mot. at 3; Ex. 2 [Docket No. 228, Attach. 2]. Paul appealed the warden's denial but did not receive a response from the Bureau of Prisons ("BOP"). Mot. at 4.

Paul now moves for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that his health conditions—hypertension, obesity, and a family history of cardiac arrest—place him at a heightened risk of death from the COVID-19 virus. Mot. at 5. Paul also contends he is suffering psychological harm caused by his fear of the pandemic. See May 11, 2020 Letter [Docket No. 229]. Paul states that his fear stems from his knowledge that FCC–Terre Haute is a quarantine hub for the BOP's northern region, and that USP–Yazoo City has reported several confirmed cases of COVID-19. Id.

Paul also argues that his exemplary discipline record while in custody and his completion of several rehabilitative and educational courses offered by the BOP support a sentence

---

[1] Paul's medical records state that he has not been compliant with his high blood pressure medication. See Ex. 4 [Docket No. 228, Attach. 2] at 1, 4, 6. Rather than taking his medications as directed by his doctor, Paul states that he has "chosen to combat his illness with proper dieting, exercising regularly and staying hydrated." Id. at 6.

reduction. He further states that a sentence reduction would enable him to care for his chronically ill mother and to help raise his three minor children.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2]

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling" reasons also include family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 comment n.1(C). The "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for

---

[2] A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court assumes without deciding that Paul has satisfied this exhaustion requirement.

purposes of th[e] policy statement." U.S.S.G. 1B1.13 comment n.3. The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). See U.S.S.G. § 1B1.13(2).

Paul's circumstances do not constitute extraordinary and compelling reasons warranting a sentence reduction. Paul's medical records show that he has been diagnosed with hypertension, but that he is not compliant with his prescribed medication and has instead "chosen to combat his illness with proper dieting, exercising regularly and staying hydrated." Mot. at 6. Paul also asserts that he is "overly obese," but his medical records lack any reference to obesity and show that he weighs about 200 pounds. Id. at 5; Ex. 4 at 1, 8. Additionally, at 40 years old, Paul is 25 years younger than the high-risk age category for COVID-19 complications.

Paul's age and physical health do not increase his risk of COVID-19 complications to such an extent that reducing his sentence by over 20 years is warranted. See, e.g., United States v. Mackenzie, No. 13-10149, 2020 WL 2104786, at *2 (D. Mass. May 1, 2020) (denying sentence reduction for 61-year-old defendant with hypertension because defendant's age and health condition did not place him at sufficiently greater risk for COVID-19 complications); United States v. Oladimu, No. 01-CR-10198, 2020 WL 1866253, at *2 (D. Mass. Apr. 14, 2020) (denying sentence reduction for defendant under 50 with hypertension).

Paul's psychological arguments are not compelling. His fear of contracting the COVID-19 virus is not a cognitive impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).

Nor do Paul's family circumstances warrant a sentence reduction. Paul has not shown that "the caregiver of [his] minor children has died or become incapacitated." U.S.S.G. § 1B1.13 comment n.1(C). As to his mother's care, the Sentencing Commission's policy statement does not include the care of a parent as a family circumstance warranting a reduction. Even if it did, Paul has not shown that his mother "is incapacitated and [Paul] is the only available caregiver." U.S.S.G. § 1B1.13 comment n.1(C).

In addition to the absence of compelling and extraordinary circumstances, the Court cannot conclude that Paul "is not a danger to the safety of any other person or to the community." See U.S.S.G. § 1B1.13(2). A jury convicted Paul of sex trafficking a twelve year old and two teenagers using force, fraud, or coercion. Although Paul has recently devoted time and effort to rehabilitating himself, his serious offenses against young and vulnerable victims prevent the Court from presently finding that he no longer poses a danger to the public.

The sentencing factors in § 3553(a) also weigh against reducing Paul's sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At sentencing, the Court found that Paul's 396-month term of imprisonment was necessary to carry out these goals. Releasing Paul more than two decades early, after he has served only a fraction of his sentence, would undermine these sentencing factors. See United States v. Butler, No. 19-834-10, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) ("Converting [defendant's] sentence to one of home confinement, when he has served just 15 months of a 60-month term of

incarceration, would disserve these important § 3553(a) factors.").

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Lee Andrew Paul's Motion Motion for Reduction of Sentence Pursuant to 18 U.S.C.) [Docket No. 228] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  May 19, 2020