**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

    Plaintiff,

v.

                            **ORDER**
                            Criminal No. 15-48 ADM

Lee Andrew Paul,

    Defendant.

_____

Lee Andrew Paul, pro se.
_____

This matter is before the undersigned United States District Judge for a ruling on Defendant Lee Andrew Paul's ("Paul") Motion for Relief from Final Judgment [Docket No. 265] ("Motion") pursuant to Federal Rule of Civil Procedure 60(b)(6) and (d). Paul requests relief from the judgment denying his 28 U.S.C. § 2255 motion. For the reasons set forth below, the Motion is denied.

In December 2015, a jury returned a verdict finding Paul guilty of three counts of commercial sex trafficking in violation of 18 U.S.C. § 1591(a). Jury Verdict [Docket No. 98]. He was sentenced to a prison term of 396 months on each of the three counts, to be served concurrently. Sentencing J. [Docket No. 147] at 2; Sentencing Tr. [Docket No. 169] at 46.

Paul appealed his conviction, and the Eighth Circuit affirmed. See United States v. Paul, 885 F.3d 1099 (8th Cir. 2018). The Supreme Court denied Paul's writ of certiorari on October 1, 2018. See Paul v. United States, 139 S. Ct. 290 (2018).

Paul then filed in September, 2019 a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 203] ("2255 Motion"). Paul's memorandum in support of the § 2255 Motion spanned 74 pages. See Mem. Supp. Mot. [Docket No. 204]. Paul requested a

60-day extension to file a reply to the Government's opposition brief. See Mot. Extension Time [Docket No. 217]. Paul argued the additional time was needed because he is not a lawyer, does not have a college education, and had limited access to the prison's law library. Id. The Court granted the extension for the full amount of time requested. Order [Docket No. 218]. Paul filed a 23-page reply brief on the final day of the extended deadline in March of 2020. See Reply [Docket No. 219] at 23.

On April 24, 2020, the Court denied Paul's § 2255 Motion. See Mem. Op. Order [Docket No. 226]. Judgment was entered against him on April 27, 2020. See Judgment [Docket No. 227] ("April 2020 Judgment").

In May 2020, Paul sought relief from the April 2020 Judgment by filing a Motion to Alter or Amend Judgment [Docket No. 233] under Federal Rule of Civil Procedure 59(e). Paul argued that the Court "overlooked" seven factual or legal arguments made in his § 2255 Motion. The Court denied Paul's Rule 59(e) Motion. See Order [Docket No. 239].

Paul appealed the April 2020 Judgment to the Eighth Circuit. See Notice Appeal [Docket No. 236]. On September 23, 2020, the Eighth Circuit denied Paul's application for a certificate of appealability and dismissed the appeal. See USCA J. [Docket No. 250].

On April 26, 2021, Paul filed the present Motion under Rule 60(b)(6) and (d). The Motion represents yet another challenge to the April 2020 Judgment. Paul argues that the claims in his pro se § 2255 motion were not properly presented to the Court due to Paul's lack of education, poor writing skills, and inability to properly investigate the record. He contends that these circumstances constitute a defect in his § 2255 proceedings, and asks the Court to reopen the proceedings so that the claims may be properly raised.

A court may grant relief under Rule 60(b) for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). When a defendant files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should conduct a "brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." Boyd v. United States, 304 F.3d 813, 814 (8th Cir.2002). A Rule 60(b) motion constitutes a successive § 2255 motion if it raises issues that were or could have been raised in the first § 2255 motion. United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004). Conversely, a Rule 60(b) motion is not appropriately treated as a successive habeas petition if the Rule 60(b) motion attacks the integrity of the federal habeas proceedings themselves, as opposed to arguing the merits of a habeas claim. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

Here, Paul's Motion presents claims that were or could have been raised in his § 2255 motion. As such, the Motion is a successive collateral attack under § 2255. Paul may not file a second or successive § 2255 action without first obtaining authorization from the Eighth Circuit Court of Appeals. See Boyd, 304 F.3d at 814 ("[O]ur authorization [is] a prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition."). Because Paul has not complied with the authorization requirement, the Motion is dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Lee Andrew Paul's Motion for Relief from Final Judgment [Docket No. 265] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: May 12, 2021