UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

                                            **ORDER**
                                            Criminal No. 15-48 ADM

Lee Andrew Paul,

       Defendant.

_____

Lee Andrew Paul, pro se.

_____

This matter is before the undersigned United States District Judge for a ruling on Defendant Lee Andrew Paul's ("Paul") second Motion for Relief from Final Judgment [Docket No. 267] ("Motion") pursuant to Federal Rule of Civil Procedure 60(b)(6) and (d). Paul again[1] requests relief from the April 27, 2020 judgment denying his 28 U.S.C. § 2255 motion. See Mem. Op. Order [Docket No. 226]; Judgment [Docket No. 227] ("April 2020 Judgment).

---

[1] This is Paul's fourth attempt to set aside the April 2020 Judgment. Paul first sought relief from the April 2020 Judgment by filing a Motion to Alter or Amend Judgment [Docket No. 233] under Federal Rule of Civil Procedure 59(e). Paul argued that the Court overlooked several arguments raised in his § 2255 motion. The Court denied Paul's Rule 59(e) Motion because the Court had already considered and rejected the allegedly overlooked arguments. See Order [Docket No. 239].
     Paul appealed the April 2020 Judgment to the Eighth Circuit, which denied Paul's application for a certificate of appealability and dismissed the appeal. See Notice Appeal [Docket No. 236]; USCA J. [Docket No. 250].
     In April 2021, Paul moved for relief from the April 2020 Judgment pursuant to Rule 60(b)(6) and (d). Mot. for Relief [Docket No. 265]. Paul argued that the claims in his pro se § 2255 motion were not properly presented to the Court due to Paul's lack of education, poor writing skills, and inability to properly investigate the record. The Court denied the Rule 60 motion as a successive collateral attack under § 2255. See Mem. Op. Order [Docket No. 266].

In this second Rule 60 Motion, Paul once again argues that the Court overlooked arguments raised in his § 2255 motion. The Motion lacks merit because the Court considered and rejected the arguments when denying Paul's § 2255 motion. Paul also raised the arguments to the Eighth Circuit when appealing the denial of his § 2255 motion. See Application Certif. Appealability [USCA Case No. 20-2199 (8th Cir.)]. The Eighth Circuit denied Paul's request for a Certificate of Appealability. USCA J.

Because Paul's Rule 60 Motion presents claims that were raised in his § 2255 Motion, the Rules 60 Motion is a successive collateral attack under § 2255. United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004). Paul may not file a second or successive § 2255 action without first obtaining authorization from the Eighth Circuit Court of Appeals. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Paul has not complied with the authorization requirement, and the Motion is therefore denied.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Lee Andrew Paul's Motion for Relief from Final Judgment [Docket No. 267] is **DENIED**. A Certificate of Appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: October 28, 2021